# COMMERCIAL CREDIT LINE PROMISSORY NOTE
(Secured Credit Line Loan)

FOR VALUE RECEIVED, GORDON PROPERTIES, LLC, a Virginia limited liability company (the "Borrower"), promises to pay to the order of [OWNER], [his/her] successors and assigns (the "Lender"), located at [ADDRESS], at such address, or at such other place or places as the Lender may from time to time designate in writing, the maximum principal sum permitted to be outstanding at any one time of FIVE HUNDRED THOUSAND AND NO/100 DOLLARS ($500,000.00) (the "Loan"), or so much thereof as shall have been advanced and re-advanced hereunder, together with interest at the rate or rates hereinafter provided until paid, said principal and interest being due and payable as follows:

(a)     Interest shall accrue hereunder at a rate of ___ Percent (_%) per annum on so much of the principal as shall from time to time be advanced and remain unpaid.

(b)     If not sooner paid, the entire balance of principal remaining unpaid, plus interest accrued thereon, plus accrued fees and costs, if any, shall be due and payable upon written demand of the Lender (the "Maturity Date").

For purposes of computing interest on the debt evidenced hereby, interest shall be calculated on the basis of a three hundred sixty (360) day calendar year applied to the actual number of days funds are outstanding.  Payments made on account hereof shall be applied first to the payment of late charges or other fees and costs owed to the Lender, next to the payment of accrued and unpaid interest, and then to principal, or in such other order or proportion as the Lender, in its sole discretion, may elect from time to time.

If default be made in the payment of any payment of principal or interest due under this Note and such default shall continue for a period of ten (10) calendar days after written notice of such default to the Borrower, or if default be made in the performance of any non-monetary covenant contained in this Note and if such default shall continue for a period of thirty (30) calendar days after written notice of such default to the Borrower; or in the event legal or equitable title to the Property (being the real property described in attached "EXHIBIT A") is conveyed, sold, or transferred, or in the event any superior lien is filed against any part of the Property (provided, however, if such lien is a mechanic's lien which is either otherwise paid, satisfied, and released, or in the alternative, bonded off by Borrower to the satisfaction of the mortgagee title insurance carrier, in each instance within thirty  (30) calendar days of its filing, the filing of such mechanic's lien shall not be an event of default hereunder), or in the event of any other default under the Credit Line Deed of Trust securing this Note of even date herewith granted by Borrower to Lender (the "Deed of Trust") which remains uncured after any period of grace or cure specified therein or in a written notice of default from the Lender to the Borrower, then the entire principal sum outstanding, together with accrued interest thereon, fees and costs, if any, shall at once become due and payable at the option of the Lender without further notice.. If default is made in the performance of any covenant of the Deed of Trust, and if such default shall continue beyond the duration of any applicable grace period therein contained, the entire principal sum outstanding, together with accrued interest thereon, fees and costs, if any, shall at once become due and payable at the option of the Lender without further

1

notice. Failure to exercise any of the options aforementioned or the failure to exercise any other option provided for herein or in the Deed of Trust shall not constitute a waiver of the right to exercise the same in the event of any subsequent default. Acceleration of maturity, once claimed by the Lender, may at its option be rescinded by an instrument in writing to that effect; however, the tender and acceptance of a partial payment or partial performance shall not, by itself, affect or rescind such acceleration of maturity.

In the event any payment of interest and/or principal due under this Note is paid more than ten (10) calendar days after the date when the same is due, then the Lender shall be entitled to collect a "late charge" in an amount equal to one-twentieth (1/20th) or five percent (5.00%) of such payment.

In the event it shall become necessary to employ counsel to collect this obligation or to protect the security hereof, the Borrower agrees to pay reasonable attorney's fees, whether suit be brought or not, and all other costs and expenses reasonably connected with collection, the protection of the security, the defense of any counterclaim, the enforcement (including without limitation, as a part of any proceeding brought under the Bankruptcy Code (Title 11, United States Code)) of any remedies herein provided for, or provided for in the Deed of Trust, and the enforcement of any guaranty.

The Borrower is permitted and allowed to prepay the principal indebtedness evidenced hereby, in whole or in part, at any time without a prepayment penalty being charged and assessed to Borrower.

The Borrower and any endorsers, guarantors and sureties jointly and severally waive presentment, protest and demand, notice of protest, notice of dishonor, demand and dishonor, and any and all lack of diligence or delays in the collection or enforcement hereof and expressly agree that this Note, or any payment hereunder, may be extended from time to time without in any way affecting the liability of the Borrower or any endorser, guarantor or surety hereof.

The validity and construction of this Note and all matters pertaining thereto are to be determined according to the laws of the Commonwealth of Virginia without regard to its conflicts of law principles.

In the event any provision of this Note (or any part of any provision) is held by a court of competent jurisdiction to be invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision (or remaining part of the affected provision) of this Note; but this Note shall be as if such invalid, illegal or unenforceable provision (or part thereof) had not been contained in this Note, but only to the extent it is invalid, illegal or unenforceable.

All notices, demands, requests and other communications required pursuant to the provisions of this Note shall be in writing and shall be deemed to have been properly given or served for all purposes when presented personally, or one (1) calendar day after having been sent by overnight express delivery using a nationally recognized overnight express courier, charges prepaid;

or three (3) calendar days after having been sent by United States Registered or Certified Mail - Return Receipt Requested, postage prepaid, to the Borrower at: _____, and to the Lender at the address stated in the first paragraph of this Note. The Lender and Borrower may designate a change of address by notice in writing to the other party.  Whenever in this Note the giving of notice by mail or otherwise is required, the giving of such notice may be waived in writing by the person entitled to receive such notice.

The proceeds of the loan evidenced hereby be advanced in any amount and at any time as may be agreed upon by Lender and Borrower, provided, however, that each such advance shall be confirmed in writing by Borrower. Upon failure of the Borrower to keep and perform any condition, stipulation, agreement or covenant of this Note or the Deed of Trust, Borrower's right to future advances may be terminated by Lender, in its sole discretion, without further notice to Borrower. The Borrower agrees to pay on demand any expenditures made by the Lender in accordance with the Deed of Trust, including, but not limited to, the payment of taxes, special assessments, insurance premiums, and the cost of maintenance and preservation of the collateral described in the Deed of Trust. At the option of the Lender, all such expenditures may be added to the unpaid principal balance of this Note and become a part of and on a parity with the principal indebtedness secured by the Deed of Trust and shall accrue interest at the rate as may be payable from time to time on the original principal indebtedness or may be declared immediately due and payable.

The Borrower represents and warrants that the loan evidenced by this Note was made and transacted solely for the purpose of carrying on a commercial enterprise.

As used in this Note, the singular shall include the plural and the plural shall include the singular, where the context shall so require.

This Note shall be the obligation of the maker hereof and shall apply to and bind it and its respective successors, personal representatives and assigns.

This Note has been entered into pursuant to the terms of the Order entered by the United States Bankruptcy Court for the Eastern District of Virginia, in the chapter 11 case of Gordon Properties, LLC, Case No. 09-18086-RGM, and is governed by the terms stated in that Order [Docket No. ].  Specifically, this Note is subject to the subordination provisions stated in the Order.

AGREED AND MADE this __ day of _____, 2011.

**GORDON PROPERTIES, LLC,**
a Virginia limited liability company


By: _____
BRYAN SELLS
Managing Member

   THIS IS TO CERTIFY that this is the Note described in that certain Credit Line Deed of Trust to _____ and _____, Trustees, bearing even date herewith, encumbering the property described on "EXHIBIT A" attached hereto and incorporated herein by this reference, said Note and Credit Line Deed of Trust having been executed in my presence by Bryan Sells, as the Managing Member of Gordon Properties, LLC.

                      _____
                         Notary Public

My Commission Expires: _____

My Notary Registration Number is: _____

#1356812v1