# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| In re: | |
| GORDON PROPERTIES, LLC, | Case No. 09-18086-RGM |
| Debtor. | (Chapter 11) |
| GORDON PROPERTIES, LLC, | |
| Debtor, | |
| v. | Objection to Proof of Claim No. 2 |
| FIRST OWNERS' ASSOCIATION OF FORTY SIX HUNDRED CONDOMINIUM, INC. | |
| Creditor. | |

## MEMORANDUM OPINION

THIS CASE is before the court on the motions for summary judgment filed by the debtor and by First Owners' Association of Forty Six Hundred Condominium, Inc., to the debtor's objection to the association's proof of claim.

### The Association's Motion for Summary Judgment

The debtor raises eight objections to the association's proof of claim. The association's motion for summary judgment addresses three of them: Count V, the authority of the association to levy assessments on the Street-Front Commercial Unit; Count V-B[1], the methodology used by the

---

[1] The objection contains two counts identified as Count V. The second Count V will be referred to as Count V-B.

association to levy assessments on the Street-Front Commercial Unit; and Count VII, various set-offs. The association asserts that these matters are barred by the doctrine of *res judicata* or collateral estoppel arising from litigation in the Circuit Court for the City of Alexandria.

### Counts V and V-B:  Authority to Levy Assessments on Street-Front Commercial Unit and Methodology of Assessment

The association's motion for summary judgment initially asserted that its authority to levy assessments on the Street-Front Commercial Unit was previously adjudicated by the state court and is barred from being litigated a second time by the doctrine of *res judicata*. The association's reliance on *res judicata* is misplaced.

The difficulty of the association's argument is that a different claim was litigated in the state court. The issue before the state court was the validity of assessments for 2003 to 2008 that had not yet been assessed. In ruling on the debtor's motion for summary judgment, the state court dismissed, without prejudice, the association's claim for a money judgment against the debtor with respect to the Street-Front Commercial Unit as premature because the assessments had not been made. The association asserts that after the state court's dismissal of its claim, it made the 2003 to 2008 assessments which are the basis of its proof of claim and the subject matter of this proceeding. The state court did not consider the newly made assessments that are before this court. The doctrine of *res judicata* is not applicable in these circumstances.

The elements of collateral estoppel differ from those of *res judicata.* If an issue was actually litigated in a prior case, that issue may not be litigated a second time even in a different context. The debtor pled eight counts in the state court, five in its amended complaint and three "New Matters" in its answer to the association's counterclaim. The debtor asserted in Counts I and II of its amended

complaint that the association did not have the authority to levy condominium assessments against the Street-Front Commercial Unit and that the methodology used in making the assessments was flawed. It requested, among other relief, that the amounts it had paid in assessments be refunded and that the association be enjoined from assessing the Street-Front Commercial Unit. *See Gordon Properties, LLC, v. First Owners' Association of Forty Six Hundred Condominium, Inc., et al.,* Circuit Court for the City of Alexandria, Virginia, Case No. CL08-1432, First Amended Complaint, ¶¶51-64, Count I and Count II [Summary Judgment Record, Exhibit 2].

The association filed a motion for summary judgment to which the debtor responded. They joined issue on the authority of the association to levy condominium assessments against the Street-Front Commercial Unit and the propriety of the methodology used. Both were necessary predicates to the debtor's case. The state court held that:

> [The debtor's] claim in the First Amended Complaint for monetary damages for over assessment of the Street-Front Commercial Unit is dismissed with prejudice; and [the debtor's] claim in section (a)(iv) of the Prayer for Relief in Count I of the First Amended Complaint, for an injunction against collecting maintenance Assessments from [the debtor] as owner of a Street-Front Commercial Unit, is hereby dismissed with prejudice.

*Id.,* Order entered January 30, 2009, at 2 [Summary Judgment Record, Exhibit 14]. The state court granted the association's motion to strike the damage claim in Count I and Count II in its entirety at the conclusion of the debtor's evidence. *Id.,* Order entered July 27, 2009, at 3 [Summary Judgment Record, Exhibit 24]. It also denied the debtor's motion for a permanent injunction as requested in Count I. *Id.,* Order entered July 27, 2009, at 3 [Summary Judgment Record, Exhibit 24].

The debtor raises these same issues in Counts V and V-B of its objection to the association's proof of claim. Having litigated the issues in the state court, the parties are precluded from litigating

them a second time. While the assessment in this case was not the subject matter of the prior litigation, the issue of whether the association had the authority to levy assessments against the Street-Front Commercial Unit and the methodology to be used was litigated and is now established between the parties for the assessments in question in this case and all future assessments that may be made. What was not previously litigated is whether the association properly made the assessment under consideration and whether the approved methodology was, in fact, followed in this instance.

The association's motion for summary judgment as to Counts V and V-B of the debtor's objection to its proof of claim will be granted.

### Count VII:  Set-off

The debtor asserts set-offs against the association's claim. In Counts VII-A and VII-C, the debtor asserts that user fees on single-user limited common elements and late fees are not permitted, that they are void as *ultra vires.* The user fees were assessed through 2008 against certain storage units. The issue of charges made against the storage units was litigated in the state court case. Late charges, even if not specifically addressed in the state court litigation, could have been addressed as to the storage units. Late charges were properly part of that transaction. Both the debtor and the association prevailed in part. It was adjudicated that the association had the authority to make the charges. *Res judicata* applies as to all issues that could have been litigated between the parties as to the storage units prior to 2009, including the set-offs that could arise from them and that are asserted in this case. User fees after 2008 were not in issue and are not precluded from being challenged here although the authority of the association to levy such fees is established under the doctrine of collateral estoppel and may not be litigated again.

In Count VII-B, the debtor asserts that it was improperly charged an "off-site owner fee" as a non-resident unit owner. It asserts that neither the condominium instruments nor the Condominium Act authorize such fees. The off-site owner fees are different from the user fees and late charges. The court cannot find a reference to them in the pleadings, the letter opinions, or the orders in the state court case. They appear to be charges that are independent of the condominium assessments and user fees addressed in state court case; and that do not arise from the use or fees assessed against the storage units. In short, they arise from different conduct, transactions, or occurrences.[2] Not having been litigated before, they are not barred by *res judicata* or collateral estoppel.

### Gordon Properties' Motion for Summary Judgment

The debtor argues in its motion for summary judgment that the assessments claimed in the proof of claim are invalid because the Board of Directors did not authorize them and because the association is not authorized to make retroactive assessments. It is uncontested that the Board of Directors approved the budgets for each the year in question. Under the Condominium Act and the condominium instruments, the common expenses are allocated among all unit owners in accordance with their respective interests. The individual assessment, that is, the amount each unit owner must

---

[2]Rule 1:6 of the Rules of the Supreme Court of Virginia, "Res Judicata Claim Preclusion", states:

(a) Definition of Cause of Action. A party whose claim for relief arising from identified conduct, a transaction, or an occurrence, is decided on the merits by a final judgment, shall be forever barred from prosecuting any second or subsequent civil action against the same opposing party or parties on any claim or cause of action that arises from that same conduct, transaction or occurrence, whether or not the legal theory or rights asserted in the second or subsequent action were raised in the prior lawsuit, and regardless of the legal elements or the evidence upon which any claims in the prior proceeding depended, or the particular remedies sought. A claim for relief pursuant to this rule includes those set forth in a complaint, counterclaim, cross-claim or third-party pleading.

pay, is determined by a mathematical calculation applied to the budget passed by the Board of Directors. This calculation need not be made by the Board of Directors just as sending the notices of assessment to the unit owners need not be done by the Board of Directors.

The correction of a miscalculation is not a new assessment, or as the debtor characterizes it, a "retroactive assessment." It is simply a recalculation derived from the previously approved budget. It would be strange if an association discovered a few days after an assessment notice was given to the unit owners that it had made a mistake in calculating the prorata portions of each unit owner and could not immediately correct the error and send a revised notice of assessment without approving the budget a second time. Here, the lapse of time is much greater, but the principle remains the same.

It is necessary for the Board of Directors to adopt the budget, but it is not necessary for the Board of Directors to make the mathematical calculation determining each unit owner's prorata assessment. The assessment in question is not a retroactive assessment, it is only a mathematical calculation correcting a prior incorrect mathematical calculation that determined the unit owner's prorata share. The debtor's motion for summary judgment will be denied.

## Conclusion

The association's motion for summary judgment is granted as to Counts V and V-B, Authority to Assess the Street-Front Units and the Methodology of Assessment, of the Objection on the basis of collateral estoppel; and as to Count VII-A, User Fees on Single-User Limited Common Elements, Count VII-C, Late Fees, of the Objection for user fees and late charges assessed

prior to 2009 on the basis of *res judicata*. The motion is denied as to Count VII-B, Unauthorized Off-Site Owner Fees.

The debtor's motion for summary is denied.

Alexandria, Virginia
July 21, 2011

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

Donald F. King
Jennifer L. Sarvadi

17009