UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: | * |
| | * |
| **GORDON PROPERTIES, LLC**, | *   **Case No. 09-18086-RGM** |
| **CONDOMINIUM SERVICES, INC.**, | *   Chapter 11 |
| | *   (Jointly Administered) |
| Debtors. | * |

**THIRD MOTION
FOR AUTHORITY TO INCUR SUBORDINATED SECURED DEBT**

The debtor, GORDON PROPERTIES, LLC ("Gordon Properties"), by counsel, pursuant to 11 U.S.C. §364(c)(2), requests that the Court enter an order authorizing Gordon Properties to borrow money on a subordinated secured basis pursuant to the terms of this motion ("Motion"), and in support of this Motion states as follows:

1. Gordon Properties commenced its chapter 11 case with the filing of a voluntary petition on October 2, 2009. Gordon Properties is in possession of its assets and operating its business as a debtor-in-possession.

2. Gordon Properties is owned and operated by family members Bryan Sells, Elizabeth Sells (Bryan's sister), Lindsay Wilson (Bryan's and Elizabeth's cousin), and Julie Langdon (Lindsay's sister)[1] (collectively, the "Owners"), each of whom owns 25% of the membership interests. Bryan Sells is the manager of Gordon Properties and is its designated representative in this chapter 11 case [Docket No. 7].

---

[1] Julie Langdon is incapacitated. The Alexandria Circuit Court has appointed Alexandria attorney Richard Mendelson and Julie's sister, Lindsay Wilson, as co-conservators on Julie's behalf. Richard Mendelson and Lindsay Wilson are representing Julie's interests in these cases.

**DONALD F. KING, ESQUIRE, VSB NO. 23125**
**Counsel for Gordon Properties, LLC**
**ODIN FELDMAN & PITTLEMAN PC**
**1775 Wiehle Avenue,  Suite 400**
**Reston, Virginia 20190**
**Direct:  703-218-2116**
**Fax:      703-218-2160**
**E-Mail: donking@ofplaw.com**

3. Early in the case, Gordon Properties exhausted its cash supporting its business operations and litigation expenses.[2] Gordon Properties filed a motion [Docket No. 181] for authority to borrow money from its principals on a secured subordinated basis, and this Court entered an order [Docket No. 200] approving the motion. Subsequently, Gordon Properties filed its second motion for borrowing authority [Docket No. 359, as amended by Docket No. 372], and this Court entered an order [Docket No. 387] approving the second motion. Since that time, the borrowing authority has been exhausted, and Gordon Properties requires additional borrowing in order to meet its operating and litigation expenses.

4. All or some of the Owners of Gordon Properties are prepared to lend money to Gordon Properties to help fund its ongoing cash needs. The Owners are prepared to lend Gordon Properties up to $500,000 (the "Loan") on an ongoing basis as and when funds may be required, pursuant to the terms of a Commercial Credit Line Promissory Note (the "Note") and Credit Line Deed of Trust (the "Deed of Trust"), similar in form and content to the Note and Deed of Trust utilized in the prior borrowing motions.[3] The collateral intended to secure the Loan will be one or more of the unencumbered condominium units owned by Gordon Properties at The Forty Six Hundred Condominium (the "Collateral").

---

[2] As the Court is aware, Gordon Properties has been involved in complex, lengthy, and costly litigation with First Owners' Association of Forty Six Hundred Condominium, Inc. ("FOA"). While Gordon Properties has been successful in virtually every litigation matter to date, the sad reality is that normal operating income has been insufficient to pay the cost of that litigation.

[3] It is unclear at this time whether some or all the Owners will provide the funding for the Loan, the amount a particular Owner will lend, and when the borrowing from any particular Owner will occur. It is intended by this Motion that the Owners have the flexibility, in their discretion, to decide which of them will provide the funding, when the funding will be provided, and how much any particular Owner will fund, and it is further intended that such borrowing will be evidenced by separate Notes executed at the time of funding the Loan, all of which Notes will be secured by the Deed of Trust with equal dignity and priority, provided, however, that the total amount of the Loan outstanding at any one time shall not exceed $500,000, in addition to the loans previously approved by the Court.

5. Gordon Properties is solvent and believes that entering into the Loan and granting the Owners the Deed of Trust to secure the Loan will not impair Gordon Properties' ability to pay claims in its case. Nonetheless, the Owners have agreed to subordinate their right to payment under the Note and Deed of Trust to all allowed claims, that is, the Owners agree to subordinate their right to payment under the Notes and Deed of Trust to the rights of all allowed claimants in the Gordon Properties case. Accordingly, no creditor in Gordon Properties' case will be adversely affected by the Loan.

WHEREFORE, Gordon Properties respectfully requests that it be authorized to enter into the Loan pursuant to the terms of the Note and Deed of Trust, and subject to the subordination agreement of the Owners as stated herein.

Respectfully submitted,

**GORDON PROPERTIES, LLC**,
By counsel

By: /s/*Donald F. King*
**Donald F. King, Esquire, VSB No. 23125**
**Counsel for Gordon Properties LLC**
**ODIN FELDMAN & PITTLEMAN PC**
**1775 Wiehle Avenue, Suite 400**
**Reston, Virginia 20190**
**Direct: 703-218-2116**
**Fax: 703-218-2160**
**E-Mail: donking@ofplaw.com**