# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re:<br><br>GORDON PROPERTIES, LLC, and<br>CONDOMINIUM SERVICES, INC.,<br><br>     Debtors. | Case No.  09-18086-RGM<br>(Jointly Administered)<br>(Chapter 11) |
| GORDON PROPERTIES, LLC,<br><br>     Debtor,<br><br>vs.<br><br>FIRST OWNERS' ASSOCIATION OF<br>FORTY SIX HUNDRED CONDOMINIUM,<br>INC.,<br><br>     Creditor. | Contested Matter<br>(Motion to Approve Settlement,<br>Docket Entry 498) |

## MEMORANDUM OPINION
## AND
## ORDER APPOINTING *AMICUS CURIAE*

Gordon Properties, LLC, Condominium Services, Inc. ("CSI") and First Owners' Association of Forty Six Hundred Condominium, Inc. ("FOA") filed their Joint Motion and Memorandum for Order Approving Settlement Agreement Between Debtors and First Owners' Association of Forty Six Hundred Condominium, Inc., and for Related Relief (Docket Entry 498) which seeks court approval of a settlement agreement intended to end more than six years of litigation in which the parties have probably expended more than $2 million. This is an important motion and will, whether approved or disapproved, determine the trajectory of the balance of Gordon Properties' and CSI's bankruptcy cases and have an impact on almost 400 members of FOA.

Page 1 of 6

There is, however, a problem – hopefully, one of appearance only and not of substance. FOA is managed by a seven-person board of directors. Three members are affiliated with Gordon Properties and have a conflict of interests in this matter. The three Gordon Properties-affiliated directors are two of the four owners of Gordon Properties. The third is their relative. Gordon Properties is the sole owner of CSI. The existence of a conflict of interests neither precludes a settlement nor necessarily prevents the Gordon Properties-affiliated directors from participating in the settlement process, but the requirements of Va.Code (1950) §13.1-871 must be satisfied.

The issue today is whether FOA is adequately represented in this matter. FOA's board of directors delegated the negotiation of the settlement to the Special Litigation Committee which retained John T. Donelan to represent it. The court ordered mediation with the Hon. Kevin R. Huennekens resulted in the proposed settlement agreement. While the court has no question as to the integrity of counsel for the Special Litigation Committee, Gordon Properties, CSI or FOA or of the desirability of an appropriate settlement, the presentation of a proposed management contract between FOA and CSI for the management of FOA by FOA and the March 26, 2013 hearing on approval of it highlight the court's concerns about the overlapping directorships. *See* Memorandum Opinion dated April 15, 2013. *Gordon Properties, LLC v. First Owners' Association of Forty Six Hundred Condominium, Inc. (In re Gordon Properties, LLC), Adv. Proc. 11-1020* (Docket Entry 352).

The bankruptcy court's role in approving a settlement derives from the Supreme Court's decision in *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 88 S.Ct. 1157 (1968). The Supreme Court stated:

> Compromises are 'a normal part of the process of reorganization.' In administering reorganization proceedings in an economical and practical manner it will often be

> wise to arrange the settlement of claims as to which there are substantial and reasonable doubts.  At the same time, however, it is essential that every important determination in reorganization proceedings receive the 'informed, independent judgment' of the bankruptcy court. . . . The fact that courts do not ordinarily scrutinize the merits of compromises involved in suits between individual litigants cannot affect the duty of a bankruptcy court to determine that a proposed compromise forming part of a reorganization plan is fair and equitable.  There can be no informed and independent judgment as to whether a proposed compromise is fair and equitable until the bankruptcy judge has apprised himself of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated.  Further, the judge should form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise. Basic to this process in every instance, of course, is the need to compare the terms of the compromise with the likely rewards of litigation.

*Id.* 390 U.S. at 424-425; 88 S.Ct. at 1163 (citations omitted).  While *TMT Trailer Ferry* was decided under the Bankruptcy Act of 1898, the principles continue to apply under the Bankruptcy Code of 1978.  The court must make an informed and independent judgment on the proposed settlement. The court must have all the facts before it so that it can reach an "intelligent and objective opinion." The proposed settlement agreement in this case must be closely scrutinized because of the overlapping directorships and ownerships.  "The nature of a bankruptcy case imparts upon the bankruptcy court a duty to scrutinize settlements in a more exacting manner than would be warranted in a two party context." *In re Merry-Go-Round Enterprises, Inc.,* 229 B.R. 337, 347 (Bankr.D.Md. 1999).  The Court of Appeals for the Sixth Circuit elaborated in *Reynolds v. Commissioner of Internal Revenue* stating:

> In considering a proposed compromise, the bankruptcy court is charged with an affirmative obligation to apprise itself of the underlying facts and to make an independent judgment as to whether the compromise is fair and equitable. *In re American Reserve Corp.,* 841 F.2d 159, 162-63 (7th Cir.1987). The court is not permitted to act as a mere rubber stamp or to rely on the trustee's word that the compromise is "reasonable." *Id.* at 162.
>
> The need for this safeguard is obvious. Any settlement between the debtor and one of his individual creditors necessarily affects the rights of other creditors by reducing the assets of the estate available to satisfy other creditors' claims.

*Reynolds v. Commissioner of Internal Revenue,* 861 F.2d 469, 473 (6th Cir. 1988).

It is not necessary for the bankruptcy court to conduct a "mini trial." *In re WorldCom, Inc.,* 347 B.R. 123, 137 (Bankr.S.D.N.Y. 2006). "The Court need only 'canvass the issues' to determine if the 'settlement falls below the lowest point in the range of reasonableness.'" *Id.* at 137 (quoting *In re Teltronics Serv., Inc.,* 762 F.2d 185, 189 (2nd Cir.1985)). In this case a canvass of the issues cannot be a superficial review, but must be a substantial, in-depth review of the merits of the settlement and the processes that produced it.

The American judicial system is premised on the parties being adversarial. There is no doubt that at one time Gordon Properties and FOA were very adversarial. Now, however, three of the seven directors of FOA are owners or a relative of the owners of Gordon Properties. While there are mechanisms in place intended to protect against abuse by the Gordon Properties-affiliated directors, the recent actions concerning the proposed employment of CSI as FOA's management company raise the question of whether the two parties are sufficiently adverse to each other that the review this court must make in considering the settlement can be properly made. The appointment of a disinterested *amicus curiae* is the best way to assure a full, fair and transparent review of the proposed settlement.

Upon consideration of which, it is, *sua sponte*,

ORDERED that:

1. Stephen E. Leach of Leach Travell Britt pc is appointed *amicus curiae* with respect to the Joint Motion and Memorandum for Order Approving Settlement Agreement Between Debtors and First Owners' Association of Forty Six Hundred Condominium, Inc., and for Related Relief (Docket Entry 498).

2. Fed.R.Bankr.Proc. 9014 shall apply to this motion. The *amicus curiae* shall have all the rights, duties and powers a party to the motion would have with respect to this motion, including, but not limited to, the right to fully participate in all hearings, to take discovery, to file motions and pleadings, to respond to any pleading filed, to call witnesses, to examine and cross examine witnesses and to address the court. The rights, duties and powers of the *amicus curiae* shall commence on entry of this order.

3. All parties shall promptly cooperate with the *amicus curiae*. No party shall direct any discovery to the *amicus curiae* without prior court approval.

4. The reasonable fees and costs of the *amicus curiae* and his law firm shall be paid by the debtor on application made by the *amicus curiae*.

Alexandria, Virginia
April 16, 2013

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

Donald F. King
John T. Donelan
Philip J. Harvey
Joseph A. Guzinski
Stephen E. Leach

18474