# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re:<br><br>GORDON PROPERTIES, LLC, and<br>CONDOMINIUM SERVICES, INC.,<br><br>    Debtors. | Case No. 09-18086-RGM<br>(Jointly Administered)<br>(Chapter 11) |
| GORDON PROPERTIES, LLC, and<br>CONDOMINIUM SERVICES, INC.,<br><br>    Debtors,<br><br>vs.<br><br>FIRST OWNERS' ASSOCIATION OF<br>FORTY SIX HUNDRED CONDOMINIUM, INC.,<br><br>    Creditor. | Contested Matter<br>(Motion to Approve Settlement,<br>Docket Entry 498) |

## MEMORANDUM OPINION AND ORDER

This case is before the court on the debtors' and First Owners' Association of Forty Six Hundred Condominium, Inc. ("FOA") motion to strike the United States Trustee's objections to a settlement agreement between them as untimely.[1]

Gordon Properties, LLC and Condominium Services, Inc. (collectively, the "debtors") and FOA filed a Joint Motion and Memorandum for Order Approving Settlement Agreement Between Debtors and First Owners' Association of Forty-Six Hundred Condominium, Inc., and for Related Relief (Docket Entry 498) on January 28, 2013. The court entered a scheduling order setting the

---

[1] Joint Motion of Debtors and FOA to Strike United States Trustee's Objection and Objection to Proposed Exhibits and Witnesses (Docket Entry 671) and Response to Joint Motion of Debtors and FOA to Strike United States Trustee's Objection and Objection to Proposed Exhibits and Witnesses (Docket Entry 672).

hearing on the motion for March 21, 2013 and set March 14, 2013 as the deadline for filing written objections or comments. (Docket Entry 503). In an appeal in a related case, the District Court stayed the settlement hearing. *Sobol v. Sells,* 1:13-cv-308 (LMB/IDD), Order at 2 (E.D.Va. Mar. 15, 2013). The stay was vacated on March 25, 2013. *Id.* Order at 3 (E.D.Va. Mar. 25, 2013).

This court appointed an *amicus* on April 16, 2013 (Docket Entry 563). As described in a Memorandum Opinion (Docket Entry 673), the debtors' asked for reconsideration of the appointment. The *amicus* suggested that the appointment of an examiner would satisfy the debtors' objections. The United States Trustee moved for the appointment of an examiner to investigate and report on the proposed settlement agreement. The debtors objected. After a hearing, the court granted the appointment of an examiner and rescheduled the hearing on the approval for the settlement agreement for August 1, 2013 and set July 18, 2013, as the deadline for the examiner to file his report and July 25, 2013, as the deadline to file exhibits and witness lists. (Docket Entry 608).

The examiner started his investigation but was almost immediately met with the debtors' objection to the manner in which he sought to conduct interviews. The examiner filed a motion seeking resolution of this objection. After a hearing, the court sustained the examiner. Because of the delay caused by the debtors' objection, the examiner was given an extension of time to file his report. The new date was August 9, 2013. Exhibits and witness lists were due on August 16, 2013. The order also set August 16, 2013 as the deadline for objections to the examiner's report. (Docket Entry 630).

The examiner filed a supplemental report on August 15, 2013, apparently from a matter the examiner discussed with debtors' counsel. The debtors and FOA requested an extension of time to

file their objections to the examiner's report. By order, this court extended the time within which Gordon Properties, LLC and FOA could file their responses to the examiner's report, witness lists and exhibit lists to August 19, 2013. They filed their objections, witness lists and exhibits on August 19, 2013.

The United States Trustee filed a witness list and its exhibits on August 16, 2013. It had previously participated in hearings on the settlement agreement but had not previously filed written objections to the proposed settlement agreement. On August 20, 2013, the United States Trustee filed an objection to the proposed settlement agreement. The debtors' and FOA seek to strike it as untimely.

The United States Trustee's motion to appoint an examiner also asked that a chapter 11 trustee be appointed. The court deferred ruling on that motion at the hearing and continued it to a later date. There are a number of other motions that are pending. All may be resolved if the proposed settlement agreement is approved. All have been continued for status hearings while the proposed settlement agreement has been pending. The court record is unclear as to the purpose for which the motion to appoint a chapter 11 trustee was continued, whether for hearing on the merits or for status. The intent of continuing the other matters for status was to conserve the parties' resources. If the settlement agreement is approved, they may well become moot. The resolution of the chapter 11 trustee motion is also closely related to the resolution of the settlement motion, although in a different way. The resolution of the motion to approve the settlement agreement involves, among other issues, the process by which the settlement agreement was negotiated and the manner in which conflicts of interest of the owners of Gordon Properties were identified and resolved. These same issues are relevant to the chapter 11 trustee motion. The court docket simply

states that the trustee motion was continued. (Docket Entry 607). The order granting the United States Trustee's motion for appointnment of an examiner also continued the portion of the motion for appointment of a chapter 11 trustee to August 1, 2013, "for such action as may be appropriate." Order of June 2, 2013 ¶2 (Docket Entry 606). On July 10, 2013, the court entered an order continuing all motions other than the settlement motion from August 1, 2013 to August 23, 2013. All state that they are continued for status, except the chapter 11 trustee motion which omits the word "status." (Docket Entry 631).

The debtors and FOA now move to strike the United States Trustee's objection to the settlement agreement as untimely. They object to the United States Trustee's exhibits and witnesses because they state that they were in connection with its motion to appoint a chapter 11 trustee. However, they acknowledge that the United States Trustee has standing to participate in the hearing. They state:

> To be clear, the parties are not suggesting that the UST be prohibited from participating in the hearing and cross examining any witness that might be called. Nonetheless, such a prohibition would not be unreasonable in light of the fact that the UST has never taken the position that the Settlement Agreement should not be approved and has never disclosed to the Debtors that it intended to object to the motion.

Joint Motion of Debtors and FOA to Strike United States Trustee's Objection and Objection to Proposed Exhibits and Witnesses at 5 (Docket Entry 671).

The approval of the settlement agreement is an important matter. The apparent conflicts of interest add complexity to this case that is not found in most other bankruptcy cases. The apparent conflict – three owners of Gordon Properties sit on the seven-person board of directors of FOA – has an additional dimension because of the nature of FOA. It is a condominium association with about 400 members. The FOA board of directors is charged with acting in the best interests of the

association and the members of the association. One of the objectives of the creation of the United States Trustee system was to monitor bankruptcy cases, particularly in light of the public interest. This is a classic situation in which the United States Trustee should be involved. The individual members do not have standing to object to the settlement agreement. That right is reserved to their representative – the Board of Directors. Although efforts have been made to assure that any conflicts of interest have been properly handled, the court must determine whether they were effective.

The court's initial solution, the appointment of an *amicus* was objected to by the debtors. The result was the appointment of an examiner instead. There is a difference between an *amicus* and an examiner. An *amicus* can participate in – but not direct – the case and the hearing. An examiner files a report. He does not have standing to participate in the hearing. The only party left who can participate in the hearing – other than the debtors and FOA, all of whom favor the settlement agreement – is the United States Trustee. The examiner brought to light facts and considerations that the United States Trustee may not have been aware of or recognized earlier. It is entirely appropriate that those facts and considerations be fully developed so that the court may make a fully informed and independent judgment. *Protective Committee for Independent Stockholders of TMT Frailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 88 S.Ct. 1157 (1968).

There is no unfair surprise to the debtors or FOA in allowing the United States Trustee to present evidence and argue the matter fully. The issues are not new. They have been evident from the beginning. To the extent that there is a specific matter that unfairly surprises the debtors or FOA, the court can address the matter at the hearing and act accordingly. The motion will be denied.[2]

---

[2] The court will dispense with oral argument of the motion. The written submissions fully address the issues presented and oral argument is not likely to aid in the decisional process.

## **ORDER**

Upon consideration of the Joint Motion of Debtors and FOA to Strike United States Trustee's Objection and Objection to Proposed Exhibits and Witnesses (Docket Entry 671) and Response to Joint Motion of Debtors and FOA to Strike United States Trustee's Objection and Objection to Proposed Exhibits and Witnesses (Docket Entry 672), it is

ORDERED:

1. The Joint Motion of Debtors and FOA to Strike United States Trustee's Objection and Objection to Proposed Exhibits and Witnesses (Docket Entry 671) is DENIED.

2. The United States Trustee may fully participate in the hearing on the approval of the settlement agreement. Her objection, exhibit list and witness list are accepted as timely filed.

2. All other motions will be for status only. The court will use the status hearings to schedule such further hearings – which may be evidentiary hearings – as may be appropriate in light of the disposition of the motion for approval of the settlement agreement.

Alexandria, Virginia
August 22, 2013

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

copy electronically to:

Donald F. King
John T. Donelan
Philip J. Harvey
Joseph A. Guzinski
Stephen E. Leach

18719